## Richmond

W. W. McGlothlin and Sally Ann McGlothlin v. State Highway Commissioner of Virginia.

April 23, 1973.

Record No. 8086.

Present, All the Justices.

*H. A. Street; Eugene K. Street (Street, Street & McGlothlin,* on brief), for appellants.

*Walter A. McFarlane, Assistant Attorney General (Andrew P. Miller, Attorney General; Roger C. Wiley, Jr., Assistant Attorney General,* on brief), for appellee.

Per Curiam.

This appeal by the landowners, W. W. McGlothlin and Sally Ann McGlothlin, from a final decree in an eminent domain proceeding brought by the State Highway Commissioner of Virginia (commissioner) presents a single question. We must determine whether the trial court erred in refusing to admit expert opinion evidence proffered by the landowners of the value of the land taken.

The commissioner has never questioned or challenged the general qualifications of the landowners' witnesses as experts on land values in the area where the land was located. The trial court, upon the commissioner's objection, refused to admit their testimony on the ground that these witnesses did not make their appraisals and form their opinions of value "at or about" the time of the taking, August 25, 1969.

The evidence shows that the witnesses made their appraisals within two weeks of the hearing before trial commissioners in December, 1971. The witnesses testified that they were familiar with the property both before and after the date it was taken. They were also familiar with property values in the vicinity before, on and after the date of the taking by the commissioner. They were aware that the physical characteristics of the property had been completely changed by the construction which had occurred between the date of the taking and the date of their appraisals. They testified that their opinions of the value of the land taken were formed so as to represent the value of this land on the date of the taking.

While the date when the opinions were formed and the changes which had occurred between the taking and the date of the appraisals supporting these opinions could properly be shown as affecting the weight of this opinion evidence, we hold that the trial court erred in holding the proffered expert testimony inadmissible because the appraisals were not made and the opinions were not formed "on or about" the date of the taking by the commissioner.

*Reversed and remanded.*